**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN MANUEL SIMENTAL-LOPEZ, | No. 1:25-cv-00303KES EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| WARDEN, FCI MENDOTA, | |
| Respondent. | Docs. 1, 8, 14. |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts the Bureau of Prisons failed to apply earned time credits and challenges his PATTERN score and custody classification score. *See generally* Doc. 1. Respondent moved to dismiss the petition, arguing "[t]he petition must be jurisdictionally dismissed for lack of constitutional standing, ripeness, and failure to state a claim under law." Doc. 8 at 2. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 29, 2025, the magistrate judge issued findings and recommendations that recommended granting Respondent's motion to dismiss in part and dismissing the petition. Doc. 14. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within 30 days. Respondent did not file objections. Petitioner filed timely objections on January 12, 2026. Doc. 15.

1

Petitioner attempts to invoke additional claims that are not encompassed in the petition, referencing an alleged violation of due process related to his presentence investigation report and an alleged improper transfer to a different BOP facility. *See* Doc. 15 at 1. Petitioner also asserts that he is entitled to tolling following his transfer to a different facility. *Id.* at 2. Petitioner's objections do not engage with the findings of the magistrate judge or identify any basis to reject the recommendations. To the extent Petitioner raises new allegations, the Court exercises its discretion to decline to consider new grounds for relief. *See United States v. Howell*, 231 F.3d 615, 631-22 (9th Cir. 2000) (district judge did not abuse discretion in refusing to consider allegations not presented to the magistrate judge). In addition, tolling is not an issue, as the magistrate judge did not consider the timeliness of his petition and his objections were timely.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the matter, including the objections, the court concludes the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued on December 29, 2025 (Doc. 14), are **ADOPTED** in full.

2. Respondent's motion to dismiss (Doc. 8), is **GRANTED** in part.

3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.[1]

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  __March 24, 2026__

_____
UNITED STATES DISTRICT JUDGE

---

[1] In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681–82 (5th Cir. 1997).

2